MARK J. BOURASSA, ESQ. (NBN 7999)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd.
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
Email: mbourassa@blgwins.com

*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES BEZAK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRITNEY GAITAN, an individual, VIP REAL ESTATE, LLC d/b/a KELLER WILLIAMS VIP, a domestic Nevada Limited-Liability Company,<br><br>Defendants | Case No.: 2:26-CV-01015-MMD-EJY<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER (SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff CHARLES BEZAK, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through his counsel of record, The Bourassa Law Group, and Defendants BRITNEY GAITAN, by and through her counsel of record, MC Law Nevada (hereinafter "Defendant Gaitan"), and VIP REAL ESTATE, LLC d/b/a KELLER WILLIAMS VIP by and through their counsel of record, Wiley Petersen (hereinafter "Defendant VIP Real Estate"), hereby stipulate to the following Discovery Plan and Scheduling Order based on Plaintiff and Defendant Gaitan participating in the discovery-planning conference on Monday, August 17, 2026.

**A. Initial Disclosures**

The parties will make their initial disclosures by **September 3, 2026.**

**B. Areas of Discovery**

The parties believe that the areas of discovery should include, but not be limited to, all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

**C. Discovery Plan**

LR 26-1(b)(1) provides that "[u]nless the court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears will require special scheduling review[.]" Plaintiff filed this matter as a putative class action under Federal Rule of Civil Procedure 23.

The parties anticipate discovery being document intensive and will require additional time to determine the size of the class and who qualifies as a member, which will include conducting multiple depositions.

The parties believe that a deviation from the presumptive discovery period of 180 days is appropriate in this case and request a special scheduling review of the following discovery plan. The parties believe that good cause exists to extend Local Rule 26-1(b)'s default 180-day discovery period in this case to 270 days, as this proposed class action is expected to involve the production of a significant amount of documents, negotiations between the parties over discovery scope, and depositions of multiple witnesses.

The parties also respectfully submit that there is good cause to depart from the default deadlines under Local Rule 26-1(b) for the fact discovery cut-off, expert disclosures and discovery, and dispositive motions. Specifically, the parties request a schedule for class certification-related discovery, to be completed before Plaintiff files his motion for class certification.

The parties believe that additional time for fact and expert discovery after the Court rules on class certification will promote efficiency. While the parties intend to complete the vast majority of fact discovery before class certification briefing, they believe it would be beneficial to have a short amount of time following the class certification ruling to conduct any additional discovery necessitated by the ruling and to provide a clean evidentiary record for any Rule 56 motions and trial.

The parties respectfully request that summary judgment not be filed until after the Court rules on class certification.

Accordingly, the parties propose the following Discovery Plan for this matter as it currently stands (for deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day):

| Event | Date |
|---|---|
| Interim Fact Discovery Cut-Off Date | **May 14, 2027** (270 days after the parties' discovery-planning conference) |
| Amending Pleadings and Adding Parties | **February 12, 2027** (90 days to close of discovery) |
| Initial Class Certification Expert Designations | **March 15, 2027** (60 days to close of discovery) |
| Rebuttal Class Certification Expert Designations | **April 14, 2027** (30 days to close of discovery) |
| Close of Class Certification Expert Discovery | **May 14, 2027** (30 days after rebuttal class cert experts) |
| Motion for Class Certification | **June 14, 2027** (60 days after rebuttal class cert experts) |
| Motions to Exclude Certification Experts | **July 13, 2027** (90 days after rebuttal class cert experts) |
| Deadline to Participate in Mediation | **August 12, 2027** (120 days after rebuttal class cert experts) |
| Joint Proposed Discovery Plan Regarding Post-Certification Phase | Within 30 days of the Decision on Motion for Class Certification |

**D. Court Conferences**

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

**E. Extensions or Modifications of the Discovery Plan and Scheduling Order**

All motions or stipulations to extend a deadline set forth in this discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline, must satisfy the requirements of LR 26-3, and be supported by good cause for the extension.

**F. Alternative Dispute Resolution**

The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**G. Alternative Forms of Case Disposition**

The parties hereby certify that they considered Alternate Disposition means and do not consent to either at this time.

**H. Fed. R. Civ. P. 26(a)(3) Disclosures**

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**I. Electronic Evidence**

The parties certify that they have discussed and intend to present evidence in electronic format to jurors for the purposes of jury deliberations and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence, but will agree to a stipulated ESI protocol and address this issue again in the joint pretrial order.

**J. Privileged or Protected Documents**

The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that, while each is taking reasonable steps to identify and prevent disclosure of any document they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other recognized privilege (hereinafter a "privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return or destroy the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an Order of the Court denying such privilege.

Dated this 21st day of August 2026.

**THE BOURASSA LAW GROUP**

By: */s/ Mark J. Bourassa, Esq.*____
Mark J. Bourassa, Esq. (NBN 7999)
2350 W Charleston Blvd
Las Vegas, Nevada 89102
*Attorney for Plaintiff and the Putative Class*

Dated this 21st day of August 2026.

**MC LAW NEVADA**

By: */s/ Robert McCoy*____
Robert McCoy, Esq. (NBN. 9121)
1775 Village Center Circle, Suite 110
Las Vegas, Nevada 89134
*Attorney for Defendant Britney Gaitan*

Dated this 21st day of August 2026.

**WILEY PETERSEN**

By: */s/ Jason M. Wiley*____
Jason M. Wiley, Esq. (NBN 9274)
10000 West Charleston Blvd., Ste. 230
Las Vegas, Nevada 89135
*Attorney for Defendant VIP Real Estate d/b/a Keller Williams VIP*

**ORDER**

The foregoing Stipulated Discovery Plan and Scheduling Order is approved and entered as the Order of the Court.

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

Dated: August 21, 2026

CASE NO.: 2:26-CV-01015-MMD-EJY